UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Mary Maxwell

    v.                                                    Case No. 19-cv-1208-JD

Federal Bureau of Investigation et al.[1]

**REPORT AND RECOMMENDATION**

    Before the court is plaintiff Mary Maxwell's complaint (Doc. No. 1). Because Maxwell is proceeding pro se and has paid the filing fee, the matter is before the court to determine if the court has subject matter jurisdiction over the case. See Fed. R. Civ. P. 12(h)(3); LR 4.3(d)(3). The court construes the complaint liberally in light of Maxwell's pro se status. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Article III Standing and Jurisdiction**

    "Under Article III of the Constitution, standing is a prerequisite to subject matter jurisdiction that [courts] must address, sua sponte if necessary, when the record reveals a

---

[1] Defendants listed in the case caption are the FBI; (former) United States Attorney for the District of Massachusetts Carmen Ortiz; William Frick; federal public defender Miriam Conrad; Watertown, Massachusetts Chief of Police Edward Deveau; Dr. Richard Wolfe, Department of Emergency Medicine, Beth Israel Deaconess Medical Center; the Director of the Federal Bureau of Prisons; the Boston Globe, Inc.; the National Geographic Society; MIT; and an unnamed defendant "John Doe."

colorable standing issue." *Rivera v. IRS*, 708 F. App'x 508, 513 (10th Cir. 2017).  "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  "Standing under Article III . . . requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010).  The requirement that the complaint allege facts showing an injury that is fairly traceable to the alleged wrongful conduct requires that there "'be a causal connection between the injury and the conduct complained of,'" rather than "'to some third party's independent action,'" *Council of Ins. Agents & Brokers v. Juarbe-Jiménez*, 443 F.3d 103, 108 (1st Cir. 2006) (citation omitted).

> The [plaintiff] bears the burden of establishing these elements.  Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.  At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice . . . .

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (citations omitted).

**Discussion**

Maxwell claims that defendants including the FBI; prosecutors and public defenders; the Watertown, Massachusetts, Chief of Police; the Chief of Emergency Medicine at the Beth Israel Deaconess Hospital; the Boston Globe; MIT; the Director of the Federal Bureau of Prisons; and the National Geographic Society, have engaged in conduct in connection with the Boston Marathon bombing prosecution of Dzhokhar Tsarnaev which violates the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.  Maxwell, who does not allege that she was a direct participant in the investigation, prosecution, defense, or detention of Tsarnaev,[2] asserts here that she suffered stress and financial loss as a result of the alleged RICO violations, consisting of the cost of filing a petition for a writ of error coram nobis in federal court in Massachusetts; the cost of mailing a petition to the Massachusetts General Court regarding her concerns; the cost of producing her own book on the case; travel costs to produce a video in Sydney, Australia; and opportunity costs for the time she could have spent marketing her other books and plays.

None of the costs alleged in the Complaint are pleaded in a

---

[2]Maxwell has filed a friend-of-the-court brief in Tsarnaev's case in the First Circuit, see United States v. Tsarnaev, No. 16-6001 (1st Cir. Nov. 7, 2018).

manner that could make them fairly traceable to the named defendants' alleged wrongful conduct. "A mere sense of grievance does not establish standing, not even when coupled with the self-inflicted injury of litigation burdens and expenses." 13A Charles Wright, Arthur Miller, and Edward Cooper, Federal Practice and Procedure, Jurisdiction and Related Matters § 3531.4 (3d ed. 2008). The costs plaintiff has alleged are voluntarily incurred and so completely due to her own actions as to "'break the causal chain'" required to establish standing. Petro-Chem Processing, Inc. v. EPA, 866 F.2d 433, 438 (D.C. Cir. 1989) (citation and footnote omitted); see also Diamond v. Charles, 476 U.S. 54, 70 (1986) (intervenor's liability for attorney fee award is consequence of decision to intervene which is not fairly traceable to subject matter of litigation). Accordingly, the complaint lacks the allegations necessary to invoke Article III standing, and the district judge should dismiss this action for lack of jurisdiction.

## Conclusion

For the foregoing reasons, the court should dismiss the complaint for lack of subject matter jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon

motion.  Failure to file specific written objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

*[signature]*
Andrea K. Johnstone
United States Magistrate Judge

December 10, 2019

cc:  Mary Maxwell, pro se